UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| JAMES R. BIGGERS and PAMELA BIGGERS, | ) ) ) |
| Appellants, | ) ) |
| v. | ) ) ) | NO. 1:15-cv-00041
JUDGE CRENSHAW |
| INTERNAL REVENUE SERVICE, | ) ) ) |
| Appellee. | |

## MEMORANDUM AND ORDER

Before the Court is Appellee's Motion for Reconsideration, pursuant to Federal Rule of Civil Procedure 54(b). (Doc. No. 17.) Courts may reconsider interlocutory orders where there is "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." Louisville/Jefferson Cty. Metro. Gov't v. Hotels.com, L.P., 590 F.3d 381, 389 (6th Cir. 2009) (quoting Rodriguez v. Tenn. Laborers Health & Welfare, 89 Fed. Appx. 949, 959 (6th Cir. 2004)). Here, Appellee only presents a change in non-controlling law from six months ago from the United States Court of Appeals for the Eleventh Circuit, as well as a more recent case from the Ninth Circuit. Neither of these cases constitute a ground for reconsidering the Court's previous decision. Further, even if the Court were to reconsider its order, both cases support the Court's conclusion. See In re Justice, 817 F.3d 738, 746 (11th Cir. 2016) (considering whether the taxpayer made an honest and reasonable effort to satisfy the requirements of tax law); In re Smith, 828 F.3d 1094, at *2 (9th Cir. 2016) ("We need not decide the close question of whether any post-assessment filing could be "honest and reasonable" because these are not close facts . . . ."). Appellee's motion is **DENIED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE